Case No. 24-2105 and 25-1073, Rieth-Riley Construction Co Inc v. NLRB. Argument is not to exceed 15 minutes for the petitioner, 12 minutes for the NLRB, and 3 minutes for the intervener. Mr. Paul, you may again proceed for the petitioner. Thank you, Brian Paul for the petitioner reserving 3 minutes for rebuttal. Yes. The respondents do not defend the board's indefensible dismissal of an employee's decertification petition without a hearing mere hours before the ballots were to be counted. So the only question is whether the court has jurisdiction to remand the decertification case for further proceedings. It does. The respondents argue that the court only has jurisdiction to review a representation decision. When the representation decision somehow affirmatively establishes or alters a bargaining relationship and requires the employer to do something, that position conflicts with the plain language of the governing statute. It contradicts cases for many circuits, including this one, where courts have reviewed dismissals of representation cases on the merits, and it runs headlong into the Supreme Court's directive to keep jurisdictional rules simple. The rule is this. Whenever a ULP order is based in whole or in part on any final representation decision, whether it establishes or alters an existing bargaining relationship or not, the court has jurisdiction to review it. This is true whether an employer or union is aggrieved by the representation decision. Section 9D is the controlling statute, and it provides that a court can review a representation decision whenever a ULP order is based in whole or in part, any part, on facts certified following an investigation pursuant to subsection C. And subsection C, and this is really important to understand, governs both certification cases and decertification cases. And yet, under the board's theory, decertification cases are effectively unreviewable. That cannot be right. And to bring this point home, suppose a decertification election is held, and the votes are actually counted, and the union wins. In that situation, the employer's bargaining obligation is completely unchanged. It had to bargain with the union before the election. It had to bargain with the union after the election. And yet, Section 9 expressly contemplates review of decertification decisions. The results should be no different when the board dismisses a decertification petition. What's your best case supporting the argument that we have jurisdiction here? We've cited several cases involving dismissals of both unit clarification cases and decertification cases. There are two dismissals of unit clarification cases from this court, Kendall and Maccabees, and then there are two cases we cite reviewing dismissals of decertification cases, Accurate Web from the Second Circuit and Gebhardt-Vogel from the Seventh Circuit. Those are some of our best cases. And all of those cases, as I say, involve dismissals of representation cases. And so, of course, they did not alter or establish a bargaining relationship and didn't otherwise require an employer to do anything. In those cases, the board dismissed attempts to alter or change a relationship. I think I looked at, did those cases address the jurisdictional question that we're talking about today? I believe, I'm sure I looked at all the cases that you cited in your brief, and it didn't seem that any of those expressly addressed those questions. Many of those cases do not expressly address jurisdiction, but they can't be waived away on that basis. It proves too much. It assumes that the courts are not properly policing their jurisdiction. And I have to believe that that's not the case. But do you have a case that does address jurisdiction? None of those cases address jurisdiction. The Supreme Court long ago addressed how jurisdiction works in this context, how review is not obtainable on direct review, but is instead obtainable on indirect review. And I suppose we would rely on those cases for the general principle that you can obtain indirect review once a representation case is fully and finally decided. If you engage in a technical refusal to bargain defense, a UOP order is entered against you as a result of that technical refusal to bargain conduct. And then at that point, you can take both decisions up on review. And so is that the case here? Yes, that's precisely what we're arguing, Your Honor, that in response to the very fact of the decertification dismissal, Reith Riley engaged in technical refusal to bargain, told the union this, that drew UOP charges. The UOP, excuse me, the board in turn entered an order against Reith Riley based on its technical refusal to bargain conduct, namely failure to bargain, withdrawal of recognition, and failure to respond to a union's information request. That allows Reith Riley to then bring up to the court both the UOP order, which is based on the technical refusal to bargain conduct, which in turn is based on the representation decision, and the representation case itself, the court can review that on the merits under that sort of convoluted indirect scheme that the Supreme Court long ago recognized. But it seems like the Supreme Court was saying something different than what you're arguing now. You're really focusing on the text that the Supreme Court seemed to suggest in some of those older cases that there has to be an obligation on the employer to do something in response to whatever, whatever the representation case was. Again, the typical one is union is certified in order to really challenge that election, the employee has to refuse to bargain. It doesn't seem like the Supreme Court cases were suggesting that we can get jurisdiction in this circumstance where there's nothing for the employer to do after the decertification petition is sort of dismisses. Whatever obligations were there were already there for the employer. And that was true in this court's decision in Kendall and McAbee's, where unit clarification cases were dismissed and the court nevertheless reviewed them on merits. The Supreme Court in those cases did not squarely confront this issue, was using shorthand to describe the statute. Those are not holdings. The language of the statute controls. And again, all it requires is that the UOP order be based. Which cases are you saying that are not holdings? Because I thought that was the issue in the case. The jurisdictional question was the issue in those in those cases. I'm thinking of maybe the AFL case and maybe the fire board case. Yeah, those do not involve dismissals of decertification petitions. That's my point. OK, yeah, yeah. So, yeah, the language of the statute is not as limited. It might be the typical situation that a UOP order is somehow, if you want to say, predicated on the representation decision. But again, the language of the rule is not so so limited. In any event, the UOP order here is necessarily based on the representation decision is based on the very fact of the representation decision. In the decertification case, the regional director found facts and dismissed the decert case on those facts. And the board affirmed as a result, Reith Riley in turn engaged in a technical refusal to bargain, drawing UOP charges, which put its technical refusal to bargain conduct squarely at issue. And the board, in turn, based on that technical refusal to bargain conduct, found that Reith Riley had failed improperly to bargain, withdrew recognition from the union and failed to respond to an information request. Without the decert order, you could not have a technical refusal to bargain defense. And without the technical refusal to bargain defense, you could not have had these holdings from the from the from the board on these particular UOPs. So if the court agrees that the decertification case should be remanded, the technical refusal to bargain defense will be vindicated in this case. And that will operate as a complete defense against those particular unfair labor practice charges. The other thing of note is that the board's remedies are based on Reith Riley's technical refusal to bargain conduct. The board ordered Reith Riley to bargain because Reith Riley had engaged in technical refusal to bargain conduct. It had refused to bargain with the union, telling the union it was doing so to preserve its right to seek review in this case. Also, the board declined to order a make whole remedy, which is also based on Reith Riley's technical refusal to bargain conduct. And the court, excuse me, the board cited a prior decision called Accello, which says employers essentially can't be punished with make whole relief when they engage in a technical refusal to bargain defense, which is designed, again, to obtain review in the representation case. In other words, the board was saying that a remedies bar that applies to technical refusal to bargain defenses applied in this case. So that is, in a nutshell, why there is jurisdiction. You can't have a technical refusal to bargain without a final representation decision. And the cases that I mentioned earlier involving dismissals of representation cases could not have been heard on the merits as they were by the court unless the court had determined that there was jurisdiction in those cases. We can't just waive those cases away because they don't directly address the jurisdictional question. And by the way, some of them do at least nod to jurisdiction. For example, the Accurate Web case in the Second Circuit said in order to obtain review of a decertification dismissal, the employer thereafter refused to bargain with the union. That is, at a minimum, a nod to the jurisdictional hook that allows for review of a representation decision. How much weight do we give to those cases that don't directly address jurisdiction? I believe the general rule is if the cases don't address jurisdiction, they don't have a lot of, they're not presidential on the question of jurisdiction if it just addresses the merits. Well, I mean, I think you have to assume that the courts in those cases were all properly policing their jurisdiction. They may not squarely deal with jurisdiction, but they involve precisely the situation here, which was a dismissal of a representation case in all of those cases. And these cases span not only from this court to the Second Circuit to the Seventh Circuit to other circuits. In all of those cases, the courts were in D.C. Circuit. The courts reviewed those representation cases on the merits. Do we know whether the jurisdiction issue was actually raised by the parties in those cases? I do not know that, Your Honor. Because it may just be that they assume jurisdiction. Obviously, we are supposed to look at jurisdiction in every case. Right. And we're not saying that simply because there are a number of cases reviewing dismissals of representation cases that you automatically have jurisdiction. We're just saying that those cases support our view that Section 9D allows for jurisdiction in this circumstance, particularly when Section 9D makes reference to Section 9C, which expressly governs decertification decisions, which is exactly what we're dealing with here. I'll reserve the remainder of my time. Thank you. Thank you. Mr. Heller. Good afternoon. May it please the Court. Joel Heller for the National Labor Relations Board. In this latest chapter of labor law violations, Reith-Reilly asks the Court to do two things that it does not do. First, reweigh the evidence on the factual issue of whether Local 324 waived its right to bargain over wage increases. And second, review a board decision from a different proceeding over which this Court does not have jurisdiction. Guided by settled principles and precedent, this Court should do neither. I'm going to start with the jurisdictional issue that took up the bulk of the case so far. There is no jurisdiction over the decertification dismissal decision from the representation case. Indirect review of a representation case is available only in specific and limited circumstances that are not present here. And the line between when indirect review is available and when it's not is whether a subsequent unfair labor practice case is predicated upon the ruling in an earlier representation case. And that's the Supreme Court's language in cases like Falk Corporation, Boyer v. Greyhound, Pittsburgh Plate Glass. And it does not describe the situation here. Reith Reilly's obligation to bargain with Local 324 long predates and exists independently of the representation case in which the board was addressing the decertification petitions. There's been an ongoing bargaining relationship between those parties since 1993. And nothing in the decertification case created that obligation, changed that obligation. Dismissal of election petitions don't do that. Dismissals essentially maintain the status quo. And in this case, likewise, nothing in the board's finding that Reith Reilly breached that bargaining obligation depended on facts or holdings or findings from the decertification decision. Instead, it was an application of the settled principle that an employer cannot withdraw recognition or refuse to bargain with an incumbent union representative without evidence that the union has lost majority support. That was the basis for the board's finding here in the unfair labor practice case. Nothing from the representation case was the basis for the finding that Reith Reilly had violated the act. Now, your friend on the other side seems to suggest the Supreme Court case and things like that don't really apply to this particular scenario because this involves decertification, whereas those other cases involve certification. How do you respond to that? So the line I'm drawing is not between certification and decertification. The line I'm drawing is between dismissals of election petitions and other types of representation cases. And the dismissal is relevant because, like you were saying earlier, Judge Mathis, it doesn't require the employer to do something that it wasn't already required to do. And this is a generally applicable principle. So there would be no judicial review over a decision to dismiss a decertification petition like here. But there's also no judicial review over a decision to dismiss a certification petition filed by a union seeking to create a bargaining representation relationship. And the cases that Reith Reilly cites, they cite a bunch of cases. Only three of them actually address dismissals of election petitions. Those are the cases cited on page 41, sorry, 42 of their opening brief. Today, Reith Reilly talked a bit about some unit clarification petition cases, the McAbee's case and the David Wolcott case from this circuit. But unit clarification petitions are a different type of representation case. And I acknowledge this is going to take a little bit of explanation, so I hope the court will indulge me in this. But a unit clarification petition arises when there has been some change in the underlying facts, the facts on the ground. And the question is whether the existing description of the bargaining unit should be changed in light of those changed circumstances. For example, there's new job classifications at the employer or the existing job classifications that have been covered by the bargaining relationship. There's new roles and responsibilities for the people in those classifications. And so when the board grants a unit clarification petition, it changes the description of the bargaining unit. So that necessarily changes the bargaining obligation. But also if it denies a unit clarification petition, that in effect also changes the bargaining relationship. Because it is saying that despite those changes on the ground, those factual changes, you still have to bargain over the bargaining unit as described. Even though that bargaining unit now might cover things that it didn't cover before. New job responsibilities, for example. The parties are going to be bargaining over that because the board has decided not to change, not to clarify the unit description. So in both instances, you could argue that there has been some impact on the bargaining obligation from the representation decision. So that is why I would say that cases involving dismissals of unit clarification petitions do fall on the, or at least arguably fall on the availability of indirect review side of the line. But when you have an outright dismissal of an election petition like here, that is not the case. There's no change to the bargaining relationship. In response to the sort of statutory argument that 9D says. Right. Whenever the order of the board made pursuant to 9C is based in whole or in part on the facts and it goes on and on. They're saying that essentially like the withdrawal of recognition is based in whole or in part on whatever happened with the decertification. Why is that argument incorrect? I think the language in Section 9D is just another way of saying what the Supreme Court said. That line about whether the unfair labor practice decision is predicated upon the ruling in the representation case. Based in whole or in part is the unfair labor practice finding based in whole or in part on the representation finding is, I think, another way of saying is the unfair labor practice decision predicated upon the representation holding. So I think they both point in the same direction. Why is it not predicated on the representation on the dismissal of the decertification motion here? Right. Because, Judge Moore, the bargaining obligation predated. It has nothing to do with the decision to dismiss the bargaining obligation. These parties have been parties to collective bargaining agreements since the early 90s. And the board's finding that they breached, that Reith-Reilly breached that obligation is because Reith-Reilly withdrew recognition without evidence that Local 324 had lost majority support. That is a factual finding that doesn't have anything to do with the presence or absence of a decertification petition because the pendency of a decertification petition isn't evidence of actual loss of majority support. This court held that in the Briggs-Plumbingware case. And so Reith-Reilly can't say we withdrew, we were privileged to withdraw recognition because of the pendency of the decertification petition. And now that the board has dismissed the decertification petition, we are, we no longer are privileged to withdraw recognition. They can't make that argument because the pendency of a decertification petition isn't the requisite evidence of loss of majority support. So there would have to be actual evidence of loss of majority support in order for Reith-Reilly to withdraw. That is correct, under Levitt's Furniture from 2001, I believe, that this court has applied. And one other point about the cases Reith-Reilly said is that none of the cases, none of the cases actually involving dismissal of election petitions are from the Sixth Circuit. They cite a case from the Second, the Seventh, and the D.C. Circuit, but none of those are Sixth Circuit cases. And Judge Mathis, as you were talking about, none of those cases address or even acknowledge the jurisdictional issue. So I don't think there would be holdings on that issue, even in circuits in which they arose. And they shouldn't be, well, obviously not binding on this court, but I would say they're not even persuasive on this court for that same reason. Because there was no discussion of the jurisdictional issue. And of course, as the court knows, each court has an independent obligation to assure itself of its jurisdiction. Nothing in the decertification dismissal decision required Reith-Reilly to do anything it wasn't already required to do. Those cases that we, the out-of-circuit cases, are also distinguishable on the facts. We marched through that in the brief. So even if you could get past the idea that they didn't address the jurisdictional issue that's before the court today, they would still be distinguishable for the reasons we discussed in our brief. In that case, they actually arose in a prior legal regime in which dependency of a decertification actually might be grounds for the employer to withdraw recognition. Because prior to 2001, there was a different legal standard. The employer only needed a good-faith doubt of a loss of majority support. Those cases all arose under that prior legal regime. So you could argue that in that instance, the dismissal of a decertification petition actually did change the legal obligations of the parties. That is no longer the case here, but that perhaps explains why those cases were able to be reviewed. But again, I think the major point to distinguish those cases is that they simply do not address the jurisdictional issue. The other point is that, so even if the board had erred in the decertification dismissal decision, that would not serve as a defense for Ruth Riley's actions in this case. That would not make the withdrawal of recognition or the refusal to bargain lawful. And that's because, and again this takes a little bit of explanation, even if there had been a decertification election held, and even if the ballots had been in favor of decertification, that would not change the bargaining obligation until those results were certified by the board. And under board regulations, the board will not certify the results of an election until final disposition of any pending unfair labor practices. And in this case what that means is the pending unfair labor practices in Ruth Riley 1, the case that the court heard before this one. That case has clearly not reached final disposition because it was just before this court half an hour ago. And so because the, any difference, if the decertification dismissal case had come out the other way, it wouldn't allow, it wouldn't privilege Ruth Riley to take the actions it did. That means that any error the board made, purported error in dismissing the decertification petitions, wouldn't serve as a defense for Ruth Riley's otherwise unlawful withdrawal of recognition and refusal to bargain. I know that this is a kind of wonky issue and there's not a case directly on point, but there are settled principles from the Supreme Court, from this court, that guide the analysis and should cause the court to recognize there's no jurisdiction over that issue. The remainder of the issues in this case are substantial evidence issues that are straightforward and we'll rely on our brief for those. Thank you. Thank you. Ms. Batchelder. Thank you. Amy Batchelder again on behalf of local 324 operating engineers. Ruth Riley 3 represents a continuation of unfair labor practices in Ruth Riley 1 and 2. I'd like to address the jurisdiction issue and say that the Supreme Court has been very clear since 1940 that there is no direct appeal of representation cases. It is the deliberate statutory scheme that was set up in the Wagner Act, a deliberate decision by Congress not to permit direct appeals. It is equally clear that there is a limited right to an indirect appeal, what Ruth Riley refers to as a technical refusal to bargain, but which is more aptly described as the indirect appeal. The indirect appeal is only available as Mr. Heller has noted when the board orders someone to do something in an unfair labor practice case, which is dependent or predicated on the decision in the representation case. Nothing at issue in the representation case has an impact on the bargaining obligation today of Ruth Riley. Put another way, the bargaining obligation is not predicated on anything that happened in the decertification dismissal. It is an exercise of the board's blocking policy that it will not conduct an election where there have been unfair labor practices that result in an impact on employee free choice. And nothing that the board could have done in the representation case would give us a different result. They never would have under either policy of blocking issued a certification. I again urge the court to enforce the board's order in its entirety. Thank you. Thank you, Your Honor. The statute simply requires the ULP order to be based on a representation decision. It doesn't turn on the result of the representation decision. It doesn't say that the board must order an employer or union to do something. It turns on the fact of the representation decision. And by virtue of the plain language of Section 9B and C, that can include a decertification decision. The bargaining obligation did not change in any of the cases we cite involving review from dismissals of various kinds of representation decisions. And it doesn't change likewise when a unit clarification petition is denied. The board in those situations decides that the bargaining unit remains exactly the same when it denies a unit clarification case. And yet courts indisputably review such cases under Section 9D. Indeed, even the union could obtain review from the denial or dismissal of a unit clarification case. Suppose the union files a unit clarification case seeking to add employees to the bargaining unit. And the regional director dismisses that petition. And the board affirms that dismissal. At that point, the union could engage in a technical refusal to bargain, drawing a bad faith bargaining charge under Section 8B.3. And in response, as a result, the general counsel could file charges against the union. And once the UOP issue is all wrapped up and decided, if it's decided against the union, the union could take that UOP order up along with the unit clarification decision. So the rule we're advocating for applies both ways, regardless of whether the union is the aggrieved party or the employer is the aggrieved party or whether there's an affirmative bargaining relationship established or not. Do you have a case on the unit clarification point that you're just making? Well, we cite four cases involving unit clarification dismissals, two of which are from this court, the Kendall case and the McAbee's case. And simply as a matter of logic, by virtue of the fact that a unit clarification petition is either dismissed or denied, the representation obligations of the parties don't change. Because unit clarification petitions are all about seeking to add or remove employees from a bargaining unit. And if that petition is denied, if it's dismissed, the bargaining obligation remains precisely the same. The employer had an obligation to bargain with the same unit as before the unit clarification petition was filed as after. Exercising jurisdiction in this case is the only way to hold the board accountable for not following its rules and statutes governing elections. We would therefore ask the court to conclude that there is jurisdiction and remand for further proceedings. Thank you. Thank you all for your argument in this case, and the case will be submitted and we'll issue a decision in due course. And so I would request our deputy clerk to adjourn court.